# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| MARK CROSBY, | \* | |
| | \* | No. 18-1478V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | Filed: July 16, 2020 |
| | \* | |
| SECRETARY OF HEALTH | \* | Entitlement, dismissal |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Michael A. Galasso</u>, Robbins, Kelly, Patterson & Tucker, LPA, Cincinnati, OH, for petitioner;
<u>Althea W. Davis</u>, United States Dep't of Justice, Washington, DC, for respondent.

### **UNPUBLISHED DECISION DENYING COMPENSATION**[1]

Mark Crosby alleged that an influenza ("flu") vaccination he received on October 21, 2016, and a pneumococcal vaccination he received on January 25, 2017, caused him to develop Guillain-Barré syndrome ("GBS"). Pet., filed Sept. 26, 2018, Preamble. On July 15, 2020, Mr. Crosby moved for a decision dismissing his petition.

### I. Procedural History

Mr. Crosby filed a petition on September 26, 2018, with some medical records. On February 4, 2019, Mr. Crosby filed additional medical records and a statement of completion.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (https://www.uscfc.uscourts.gov/aggregator/sources/7). Once posted, anyone can access this decision via the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will be reflected in the document posted on the website.

After some delays due to a backlog in reviewing cases, the Secretary filed his Rule 4 report opposing compensation. In his report, the Secretary argued that Mr. Crosby's onset of GBS symptoms 105 days after the flu vaccination is well outside the accepted time range to suggest causation. Resp't's Rep., filed Oct. 4, 2019, at 5. As for the pneumococcal vaccine, the Secretary stated that Mr. Crosby has not offered a medical opinion to connect GBS to the pneumococcal vaccine. Id. at 5-6. The Secretary also noted that Mr. Crosby had a viral upper respiratory infection two days before the onset of his symptoms. Id. at 2 n.2. This case was then transferred to the undersigned.

After submitting affidavits to address the onset issue, a status conference was held to discuss next steps on December 16, 2019. Mr. Crosby stated he was consulting with Dr. Eric Gershwin to provide a supportive opinion, but, if Dr. Gershwin could not provide an opinion, he would seek dismissal of his case. Order, issued Dec. 17, 2019.

On January 31, 2020, Mr. Crosby filed a status report advising that he was continuing to consult with Dr. Gershwin and required additional time. In a March 16, 2020 status report, Mr. Crosby advised that he would not be submitting an opinion from Dr. Gershwin and requested additional time to investigate the causation issue.

Upon request by Mr. Crosby, a status conference was held on May 11, 2020, to discuss next steps. Mr. Crosby was considering whether to voluntarily dismiss his petition but requested more time to decide. Order, issued May 15, 2020. Mr. Crosby filed a final status report indicating that he would be moving for dismissal of his petition. Pet'r's Status Rep., filed, June 15, 2020.

On July 15, 2020, Mr. Crosby moved for a decision dismissing his petition. Mr. Crosby stated that the Secretary did not oppose the motion but reserved his right to question the good faith and reasonable basis of this claim in regard to any motion for attorneys' fees and cost. This matter is now ready for adjudication.

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that petitioner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of petitioner's vaccinations, or 2) that petitioner suffered an injury that was actually

caused or significantly aggravated by a vaccine.  See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa—13(a)(1).  If the medical records do not sufficiently support a petitioner's claim, a medical opinion must be offered in support.  In his petition, Mr. Crosby specifically alleged off-Table claims that the flu and pneumococcal vaccines caused his GBS.

At the December 16, 2019 status conference, Mr. Crosby acknowledged that he needed an expert opinion to move his case forward.  Mr. Crosby was unable to retain an expert to provide an opinion.  In his motion to dismiss, Mr. Crosby conceded that "he will be unable to prove that he is entitled to compensation in the Vaccine Program."  Pet'r's Mot., filed July 15, 2020, at 2.

In light of Mr. Crosby's concession that this case is not compensable and a review of the entire record, the undersigned finds that Mr. Crosby has not established that the influenza or pneumococcal vaccines caused his GBS.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Andrew Schick, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran  
Christian J. Moran  
Special Master

3